In re Douglas L. **MOYER** and **Cheryl C. Moyer**, Debtors.

**AMERICAN BANK & TRUST CO. OF PENNSYLVANIA, Plaintiff,**

v.

**Douglas L. MOYER, Cheryl C. Moyer and Judith A. Boulden, Trustee, Defendants.**

Bankruptcy No. 83C–00139.
Civ. P. No. 83PC–0892.

United States Bankruptcy Court,
D. Utah, C.D.

April 18, 1985.

Judith A. Boulden, Boulden & Gillman, Salt Lake City, Utah, for herself as trustee.

## MEMORANDUM OPINION AND ORDER

GLEN E. CLARK, Bankruptcy Judge.

### CASE SUMMARY

This matter comes before the Court on an order requiring the attorney for the debtors and defendants to appear before the Court for failure to pay costs in the sum of $25.00, which were assessed by the clerk pursuant to Bankruptcy Rule 7016 and the September 9, 1983 Order Governing Scheduling and Preliminary Matters in this expedited proceeding. The Court is called upon to decide (1) whether or not it has the legal authority to assess costs against attorneys for failing to abide by its orders governing scheduling and preliminary matters; (2) whether, in this case, the debtors' attorney was properly assessed such costs; and (3) whether the failure of the debtors' attorney to pay the assessment is punishable as a contempt of court.

### FACTS AND PROCEDURAL BACKGROUND

Douglas L. and Cheryl Moyer, husband and wife, filed a joint petition under Chapter 13 on January 24, 1983, and on June 22 of that year their plan was confirmed. Then, on August 10, 1983, the American Bank & Trust Co. commenced a civil proceeding against the debtors, who on September 9, 1983, responded by answering the complaint and asserting a counterclaim. On the same day, an Order Governing Scheduling and Preliminary Matters ("Scheduling Order") in the proceeding was entered by the Court. The Scheduling Order set this matter for a two hour "expedited" trial to be held on January 13, 1984 beginning at 3:00 p.m.

On January 12, 1984, at 12:30 p.m., just one day before trial, the attorney for the debtors and defendants, Daniel R. Boone, notified the Court that the dispute had

Donald E. Olsen, Beaslin, Nygaard, Coke & Vincent, Salt Lake City, Utah, for plaintiff.

Daniel R. Boone, Salt Lake City, Utah, for debtors and defendants.

been settled and that the trial could be stricken from the Court's calendar.

On January 14, 1984, pursuant to the provisions of the Scheduling Order, Robert M. Wily, Clerk of the Bankruptcy Court, sent to Donald E. Olsen and to Daniel R. Boone, a notice assessing against the parties costs in the sum of $25.00 each, to be paid on or before February 6, 1984.

Payment was duly received from plaintiff's attorney, Donald E. Olsen, on February 7, 1984. But no payment was ever made by defendants' attorney, Daniel R. Boone.

On February 24, 1984, the Court, on its own motion, issued an order requiring Boone to appear for failure to pay the assessed costs. A hearing on that order was held on March 29, 1984, at which Boone argued that he should not have to pay any costs because (1) he had not been assessed them, (2) the Clerk of the Bankruptcy Court is not empowered to assess fines or costs, and (3) that his failure to pay is not punishable as a contempt of court.

## DISCUSSION

The trial of this adversary proceeding was governed by this Court's September 9, 1983, Order Governing Scheduling and Preliminary Matters (Expedited Civil Proceeding). This order was entered pursuant to Bankruptcy Rule 7016, which incorporates by reference Rule 16 of the Federal Rules of Civil Procedure. Rule 16 provides:

(a) Pretrial Conferences; Objectives. In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as

(1) expediting the disposition of the action;

(2) establishing early and continuing control so that the case will not be protracted because of lack of management;

(3) discouraging wasteful pretrial activities;

(4) improving the quality of the trial through more thorough preparation, and;

(5) facilitating the settlement of the case.

(b) Scheduling and Planning. Except in categories of actions exempted by district court rule as inappropriate, the judge, or a magistrate when authorized by district court rule, shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time

(1) to join other parties and to amend the pleadings;

(2) to file and hear motions; and

(3) to complete discovery.

The scheduling order also may include

(4) the date or dates for conferences before trial, a final pretrial conference, and trial; and

(5) any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of the judge or a magistrate when authorized by district court rule upon a showing of good cause.

(c) Subjects to be Discussed at Pretrial Conferences. The participants at any conference under this rule may consider and take action with respect to

(1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;

. . . . .

(7) the possibility of settlement or the use of extrajudicial procedures to resolve the dispute;

(8) the form and substance of the pretrial order;

. . . .

(11) such other matters as may aid in the disposition of the action.

. . . . .

(e) Pretrial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing him or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16 makes reference to Rule 37(b)(2)(B), (C), and (D), Fed.R.Civ.P., which is made applicable by Bankruptcy Rule 7037(b)(2)(B), (C), and which allows the Court to impose sanctions upon a party or a party's attorney who does not comply with a Scheduling Order of the Court. In applying sanctions, this Court is authorized to issue:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.[1]

To these specific sanctions must be added the general power conferred under 11 U.S.C. 105(a), which provides that:

(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

Moreover, Local Rule 9 of this Court, promulgated under Bankruptcy Rule 9029, details the procedure for pre-trial conferences and the binding effect of pre-trial orders.

Pursuant to all these provisions, this Court has for many years issued Scheduling Orders to govern the progress of civil proceedings.

In October of 1982, the Court perceived the need to facilitate the early settlement of all lawsuits and to encourage adequate trial preparation. After consulting with a number of experienced members of the bankruptcy bar regularly practicing before this Court, the Court restructured its pretrial procedures in order to facilitate a simplication of trial procedure for disputes involving $5,000.00 or less.

As a result of this change, a preliminary pre-trial conference in all civil proceedings is now held before the Clerk of the Bankruptcy Court, pursuant to Bankruptcy Rule 7016(a). At this hearing, the clerk ascertains the amount in dispute in the proceeding. If that amount is $5,000.00 or less, then the case is governed by an expedited or "fast track" Scheduling Order, pursuant to this Court's authority under Bankruptcy Rule 7016(a) and (f), 11 U.S.C. § 105(a), and Local Rule 9, unless the Court on motion of one of the parties, and for cause, orders otherwise. Parties in a case involving more than $5,000.00 may stipulate to "fast

---

**1.** *See generally,* 3 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 16.22, at 16–99 to 16–101 (2d ed. 1984).

track" treatment. Under a "fast track" Scheduling Order, a trial will usually be scheduled within 6 months. The normal pre-trial attorneys' conference is not required. There is no final pre-trial conference, and no pre-trial order is required. The parties are not required to file trial briefs or proposed findings of fact and conclusions of law. There is no discovery cut-off date. Responses to discovery requests must be filed within 20 days of service. There are no pre-trial motions, except for motions to compel discovery and, as of October 1, 1984, motions for summary judgment, which must be fully briefed and heard by a deadline date set by stipulation of the parties at the preliminary pre-trial hearing. Each side has 50 minutes to present evidence (including opening statements), and 7 minutes for closing argument. The parties are timed during trial by the courtroom deputy clerk. It is rare that a "fast track" trial will be allowed to extend beyond this two hour limit; however, such "continuances" may be granted in the discretion of the Court for cause and upon motion of one of the parties.

In addition to these characteristics, the "fast track" trial procedures share in common with the normal trial schedule the requirement that

> Any stipulated settlement or motion for continuance should be filed with the court not less than three (3) days before the trial date. Where a settlement is reached or a motion for continuance is filed less than three (3) days before trial, and unless good cause is shown therefore, the clerk shall assess costs equally to the parties including, but not limited to, court costs, reporter costs, and jury costs. Ordinarily, absent a jury, such costs equal or exceed $50.00.

"Viewing the problem as one of power, and of power only," *see Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936), this assessment is not only authorized by 11 U.S.C. § 105, which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provision of this title," but by Bankruptcy Rule 7016, which empowers the Court to require a party failing to comply with a Scheduling Order to "pay the reasonable expenses incurred because of any noncompliance." Moreover, this latter rule incorporates by reference the sanctions of 37(b)(2)(D), Fed.R.Civ.P., which specifically empowers the Court to treat "as a contempt of the court the failure to obey any orders," including Scheduling Orders, of the Court. In *Hollis v. United States*, 744 F.2d 1430, 1432 (10th Cir.1984), the Tenth Circuit stated, "[w]ith the pressing need for the trial courts to manage their dockets in response to the flood of litigation, when the directions are clear, the action obvious and wholly within the control of the party, there is no reason to expect that the rules or orders should not be followed. The time and need for strict adherence has certainly arrived, the courts have inherent authority to impose sanctions and are not dependent on the rules to do so."

In *Matter of Sanction of Baker*, 744 F.2d 1438 (10th Cir.1984) (*en banc*), the Tenth Circuit affirmed an order of the district court imposing sanctions against attorneys under Rule 16 of the Federal Rules of Civil Procedure. Four days before a scheduled jury trial, counsel for a third party defendant moved for a continuance based on his failure to take the deposition of a critical witness. The district court granted the continuance but imposed a $350.00 sanction against the attorneys for the plaintiff and the third party defendant. The Tenth Circuit considered the problems of management of cases, the 1983 amendments to Rule 16 and the sanction imposed, against the argument that the district court had abused its discretion and upheld imposition of the sanction.

> While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial. Some dispute may exist concerning the dichotomy among the various authorities on which the courts may rely for

sanctions. *See e.g.*, Federal Rule of Civil Procedure 37, sanctions for failure to make or cooperate in discovery; the court's contempt powers; 28 U.S.C. § 1927, counsel's liability for excessive costs; a variety of provisions for award of attorney's fees to prevailing parties; and the inherent power of the court to control its docket and adjudicatory functions. However, there can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.

*Id.* at 1440. *Accord, In re Quintana*, 43 B.R. 668 (Bkrtcy.D.Colo.1984).

■ Moreover, it is clear that the Court has the authority to control and manage its own calendar. The power to promulgate local rules and to regulate the conduct of attorneys practicing before it "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cf. Landis v. North American Co.*, *supra*, 299 U.S. at 254, 57 S.Ct. at 165. *See also* Bankruptcy Rule 9029. This is a necessity in this district whose bankruptcy docket is one of the most crowded in the nation.[2] Settlements which occur shortly before trial waste the time of the Court because they require the Court to engage in unnecessary preparation and because they consume calendar time that could be devoted to other pressing matters. This is an extremely serious concern in this jurisdiction. In 1983 this district led the nation in the number of Chapter 11 filings per bankruptcy judge and in the number of adversary proceedings filed. Utah's over-

all pending bankruptcy caseload jumped from 1552 cases to 3810 cases during 1983, an increase of 145%. During the same period pending adversary proceedings grew from 867 cases to 2820 cases, an increase of 225%. In 1984, this district again led the nation in Chapter 11 cases per judge, exceeding the national average by 128%. During 1984 the number of adversary proceedings assigned to the judges in this district exceeded the national average by 299%. Given these facts, counsel and parties are ill-advised to protest a mere $25.00 sanction for wasting court time. The amount of the sanction is set low enough to encourage timely settlement and not to discourage late settlement or to be unduly punitive.

## DECISION

In this case, Daniel R. Boone, as attorney for the debtors and defendants, attended the pre-trial conference, where the Clerk of the Court determined that this civil proceeding involved an amount of $5,000.00 or less. A "fast track" Scheduling Order was prepared and entered by the Court. No objection to this procedure was made by either party, nor did either party move the Court for the entry of a different Scheduling Order. The parties obtained the benefit of the expedited schedule, including an expedited trial setting, and the avoidance of many of the expensive procedures and pleading requirements set forth in the normal pre-trial order.

■ One of the obligations imposed on the parties by the expedited Scheduling Order was the requirement to notify the Court at least three days before trial of any continuance or settlement so that the trial date could be stricken in time to allow the Court to utilize the time for other matters. The parties in this case did not comply with this provision of the order, and, as a result, the Clerk of the Court assessed the parties $50.00 in costs. Attorneys, as

---

**2.** *See* Walters, "Bankruptcy Court Relief Turns into Cry for Help," Salt Lake Tribune, January 7, 1985. On March 7, 1985, Senator Orrin Hatch introduced S. 618, a bill to provide for

the appointment of an additional bankruptcy judge for the district of Utah. 131 Cong.Rec. S 2779–80 (March 7, 1985) (remarks of Senator Hatch).

officers of the Court, have a duty to cooperate with the Court, abide by its rules, and strive to further the operation of our system of justice. *See* DR7–106(A), ABA Code of Professional Responsibility. Daniel R. Boone has refused to pay his $25.00 share of this assessment. He argues that this Court does not have the legal authority to assess costs against attorneys failing to abide by its orders governing scheduling and preliminary matters. But this position is clearly unmeritorious in light of the clear provisions of Bankruptcy Rules 7016(f), 7037(b)(2)(D), and 11 U.S.C. § 105. The argument that these costs were not properly assessed is also unavailing. The fact that the Clerk of the Court makes the assessment under the Court's supervision in no way alters the fact that it is the Court that is assessing these costs pursuant to an order binding upon the parties.

 Boone's final argument that his failure to pay the assessment is not punishable as a contempt of court in this case is contradicted by the controlling language of Federal Rule 37(b)(2)(D), which empowers the Court to punish as a contempt any failure to obey a Scheduling Order of the Court. Rule 37 sanctions are to be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980). This Court has previously considered the nature of civil contempt in bankruptcy cases. *See In re Burrow,* 36 B.R. 960 (Bkrtcy.D.Utah 1984); *In re Reed,* 11 B.R. 258 (Bkrtcy.D. Utah 1981); *In re Independent Clearing House,* No. 81M–02886, unpublished memorandum decision (Bkrtcy.D.Utah Nov. 15, 1982). The contempt sanction is the most prominent of the Court's inherent powers, "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority of justice and in maintaining the authority and dignity of the court." *Railway Express, Inc. v. Piper, supra,* 447 U.S. at 763–64, 100 S.Ct. at 2462–63.

Mr. Boone argues that the failure of the Court to assess costs against the standing trustee is unfair to the other parties against whom costs were assessed. The Court is unpersuaded by this view. The standing trustee is a party in this case only because of her status as a trustee. She did not participate in nor had she any control over the settlement negotiations between the other parties. However, the "unfairness" complaint may have some merit when applied to Mr. Boone, himself. In the opinion of this Court, it would be unfair if Mr. Boone, after refusing to pay the assessed costs, were ordered to pay only that same nominal sum of $25.00 which Mr. Donald Olsen timely paid to the Court months ago. This Court, therefore, finds that Daniel R. Boone's unjustifiable failure to pay the assessed costs of $25.00 constitutes a contempt of this Court for which Mr. Boone, as a contempt sanction, will be required to pay the further sum of $10.00.

### CONCLUSION

In light of the foregoing, this Court has the clear statutory authority to make and enforce its "fast track" Scheduling Orders, to assess costs, and to impose upon parties or their attorneys the sanctions of Bankruptcy Rules 7016 and 7037 for failure to comply with a Scheduling Order of the Court.

Accordingly, IT IS HEREBY ORDERED that Daniel R. Boone forthwith pay to the Clerk of this Court the sum of $25.00 in costs assessed for failure to notify the Court of the settlement of the case, pursuant to this Court's Order Governing Scheduling and Preliminary Matters and the further sum of $10.00 for his contempt of court resulting from his refusal to make a timely payment of the costs assessed.