**In re Magdalena Blanco QUINTANA, a/k/a Magdalena Blanco Diaz, a/k/a Magdalena Blanco, Debtor.**

**No. 84 B 03703 J.**

United States Bankruptcy Court, D. Colorado.

Oct. 26, 1984.

ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the court *sua sponte.*

On August 6, 1984, the debtor filed her Chapter 13 Petition accompanied by the proper schedules, motions and proposed plan. On September 26, 1984, Charles B. Dickson, Esq., of Dickson and Dickson, Greeley, Colorado, filed an Objection to Confirmation of Proposed Chapter 13 Plan

and a Motion for Relief from Stay, both on behalf of his client Weld County Garage, Inc.

On September 26, 1984, the Motion for Relief from Stay was set for hearing on October 25, 1984, at 8:30 a.m. On October 25, 1984, there were no appearances for either party, in person or by counsel. The court received no notification of any settlement or other disposition of the matter.

On October 10, 1984, the Objection Confirmation was set for hearing on October 26, 1984, at 8:30 a.m. At 8:25 a.m., on October 26, 1984, the court received a telephone call from Mr. Dickson who indicated that because of an Amended Plan he received from the debtor the previous day he would be withdrawing his Objection to Confirmation.

This court contracts for court reporting services and pays a minimum one-half (½) day fee of $60.00, for any appearance by a court reporter. The Objection to Confirmation was the only matter on this court's calendar for October 26, 1984. Because Mr. Dickson did not notify the court of his intentions to withdraw the objection until five minutes prior to hearing, it was too late to cancel the court reporter's appearance, and the court incurred the $60.00 appearance fee.

This negligence by counsel of failing to notify the court of his intent not to pursue matters previously set on both October 25, and October 26, 1984, causes the court unnecessary expense and ties up the court's docket unnecessarily when other matters could have been set and heard. It is this type of conduct that the 1983 amendments to Rule 16, F.R.Civ.P., addressed themselves. See *In the matter of the Sanction of Jay C. Baker and Michael J. Carson*, 744 F.2d 1438, 10th Cir., 1984.

It is therefore,

ORDERED that the Motion for Relief from Stay is denied for failure to prosecute.

FURTHER ORDERED that Charles B. Dickson, Esq., shall pay to the Clerk of this court, as a fine and sanction under Rule 16, F.R.Civ.P., the sum of $60.00, within ten (10) days of the date of this order.