**Kenneth BURKHART, Through his Conservator, Byron MEEKS, and Judith Burkhart, Plaintiffs-Appellees,**

v.

**The KINSLEY BANK, Defendant-Appellant.**

No. 85–1510.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 1986.

Michael J. Friesen, P.A., Garden City, Kan., for plaintiffs-appellees.

Kenneth M. Nohe of Stan E. Wisdom, P.A., Wichita, Kan., for defendant-appellant.

Before MOORE, ANDERSON, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Kenneth and Edith Burkhart[1] brought suit against Kinsley State Bank, located in Kinsley, Kansas, and Cimarron Cooperative Equity Exchange, located in Cimarron, Kansas, in the United States District Court for the District of Kansas. The gist of the complaint was that the two defendants conspired to convert, and did convert, to their own use 4,225.5 bushels of wheat which rightfully belonged to the Burkharts. Jurisdiction was based on 28 U.S.C. § 1331.[2] Each defendant filed a motion for summary judgment, which motions, after hearing, were granted, and judgments in favor of the two defendants and against the Burkharts were duly entered. The Burkharts did not appeal that order and judgment.

In addition to a motion for summary judgment, Kinsley State Bank also filed a motion for sanctions against the Burkharts and their attorney, who signed the complaint. The motion for sanctions alleged generally that the complaint violated Rule 11 of the Federal Rules of Civil Procedure, because it was not well grounded in fact, was not warranted by existing law and was filed for the purpose of harassment. In its order granting summary judgment, the trial court denied the Bank's motion for sanctions, with limited comment. The Bank now appeals that order.

In denying the Bank's motion for sanctions, the trial court commented as follows:

Finally, defendants have moved for sanctions against plaintiffs and their attorney pursuant to Federal Rule of Civil Procedure 11. Rule 11 permits the Court to award expenses, including attorney's fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation. *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160 (7th Cir.1983). Although plaintiffs have misapprehended the law pertinent to the case, the issues were not entirely simple in nature and

---

1. Kenneth Burkhart is suing through his conservator.

2. The federal question apparently presented was whether prior liens remained on property after abandonment by the trustee in bankruptcy.

the Court cannot say that plaintiffs or their counsel acted in bad faith so as to trigger sanctions under Rule 11.

Prior to the 1983 amendment, Fed.R. Civ.P. 11 provided, *inter alia,* that "[f]or a *wilful* violation of this rule [Rule 11] an attorney may be subjected to appropriate disciplinary action." (emphasis added). Although the old Rule 11 used neither the phrase "bad faith" nor "good faith," the use of the word "wilful" was construed to mean that the attorney against whom "disciplinary action" was sought had to have "subjective bad faith" before disciplinary action would be taken. Hence, in *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160 (7th Cir.1983), the case cited by the trial court in the instant case in support of its denial of the Bank's motion for sanctions, the Seventh Circuit held that before disciplinary action could be taken under Rule 11 there must be a finding of "subjective bad faith" on the part of the attorney. The Seventh Circuit in *Badillo* relied, *inter alia,* on *Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980), where the Second Circuit, at page 350, held that disciplinary action under the old Rule 11 could only be taken where there is subjective bad faith on the part of the attorney.

By the 1983 amendments Rule 11 was changed in certain particulars. Specifically, the "wilful violation" language appearing in the old Rule 11 was deleted, and the amended Rule 11 simply provided that if a pleading is signed "in violation of the rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...." Further, we also note that although the pre–1983 Rule 11 used neither the phrase "bad faith" nor "good faith," the amended Rule 11 does use the phrase "good faith" once. The language of the amended rule provides, *inter alia* that the "signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after

reasonable inquiry it is well grounded in fact and is warranted by existing law or a *good faith argument for the extension, modification or reversal of existing law ....*" (emphasis added). It would appear that in this grammatical setting the term "good faith" modifies the ensuing clause, "argument for the extension, modification or reversal of existing law," and nothing more.

Cases considering the amended Rule 11 have uniformly held that a showing of "subjective bad faith" is no longer required to trigger the sanctions permitted by Rule 11. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir.1986); *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3rd Cir.1985); *Eastway Construction Co. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985); *see also Stevens v. Lawyers Mutual Liability Insurance Co. of North Carolina,* 789 F.2d 1056, 1060 (4th Cir.1986); *Indianapolis Colts v. Mayor & City Council of Baltimore,* 775 F.2d 177, 181 (7th Cir.1985); *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1177 (D.C.Cir.1985). Further, Notes of Advisory Committee on Rules contain the following comments concerning amended Rule 11:

> The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. See *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n,* 365 F.Supp. 975 (E.D.Pa.1973). This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation. See *Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980).
>
> ....
>
> The reference in the former text to wilfulness as a prerequisite to disciplinary action has been deleted. However, in considering the nature and severity of the sanctions to be imposed, the court

should take account of the state of the attorney's or party's actual or presumed knowledge when the pleading or other paper was signed. Thus, for example, when a party is not represented by counsel, the absence of legal advice is an appropriate factor to be considered.

The instant complaint was filed on May 21, 1984, and accordingly is governed by the amended Rule 11, which no longer requires subjective bad faith as a prerequisite to the imposition of sanctions. As indicated, the trial court in the instant case denied sanctions on the ground that there was no bad faith on the part of the attorney or the Burkharts. In support of its order the court cited the *Badillo* case which held that before sanctions could be imposed under Rule 11 there must be a finding of subjective bad faith. It would appear then, the trial court applied the wrong test, i.e., the motion for sanctions was considered under the pre–1983 Rule 11, rather than the amended Rule 11.

Accordingly, the order and judgment denying the Bank's motion for sanction is reversed and the matter remanded for further proceedings.[3]

---

**3.** We do not believe our disposition of the instant case is at odds with *Cotner v. Hopkins,* 795 F.2d 900 (10th Cir.1986). Although in *Cotner* we said that under the amended Rule 11 an attorney, in signing a pleading, "affirms that, after making a reasonable inquiry, he believes in good faith that the pleading is well grounded both in fact and in law," this language should not be construed as requiring a showing of subjective bad faith prior to imposing sanctions. Instead, the good faith referred to in *Cotner* should be judged by the attorney's conduct under an *objective* standard of reasonableness, rather than by assessing subjective intent. *Stevens v. Lawyers Mutual Liability Insurance Co. of North Carolina,* 789 F.2d 1056, 1060 (4th Cir.1986); *Donaldson v. Clark,* 786 F.2d 1570, 1576 (11th Cir.1986). As we have noted, the term good faith modifies only the ensuing clause, "argument for the extension, modification or reversal of existing law," and nothing more.