**In re SKIES UNLIMITED, INC. OF COLORADO, and Caralee Jean Pierce, Debtors/Plaintiffs,**

**v.**

**Philip L. KING, Defendant.**

**Adv. No. 86 E 1014.**

United States Bankruptcy Court, D. Colorado.

April 22, 1987.

Zimmerman and Schwartz, P.C., Denver, Colo., for debtors/plaintiffs.

Robert M. Duitch, Duitch & Johnson, P.C., Colorado Springs, Colo., for defendant.

### OPINION AND ORDER

CHARLES E. MATHESON, Bankruptcy Judge.

The matters at issue that are resolved by this Opinion and Order arise out of an Adversary Proceeding filed by the Debtors, Skies Unlimited, Inc. of Colorado ("Skies Unlimited") and Caralee Jean Pierce ("Ms. Pierce"), against Philip L. King. The com-

plaint filed in this case was premised on allegations that Skies Unlimited and Ms. Pierce had been Debtors in Chapter 11 cases before this Court. Those proceedings culminated in the confirmation of Plans of Reorganization each of which was premised on the orderly liquidation of the assets of Skies Unlimited. The orders confirming the Plans were entered on September 25, 1985.

After confirmation of the Plans and in furtherance of the Debtors' program to sell assets, Skies Unlimited entered into an agreement with Philip King ("King") to engage his services as a real estate broker. A dispute arose between Skies Unlimited and King concerning King's right to a commission on the sale of a parcel of property owned by Skies Unlimited. In order to force collection of the commission, King commenced suit in the state court and filed a Notice of Lis Pendens against the affected property. The Debtors thereafter filed this adversary proceeding in this Court seeking to hold King in contempt and to force the removal of the lis pendens.

At the time that the complaint was filed, the Debtors also filed a Motion to Show Cause asking that this Court issue an Order to Show Cause requiring King to forthwith appear and show cause why he should not be held in contempt. Both the complaint and the Affidavit in Support of the Motion For an Order to Show Cause allege that at the time that the controversy between King and the Debtors ripened, King threatened to file a Notice of Lis Pendens against the Debtors' property. At that time, counsel for the Debtors told King's attorney that the filing of the lis pendens would violate 11 U.S.C. § 362(a)(3) and that such a filing would result in King, and the attorney, being in contempt of court. The complaint alleges that 11 U.S.C. § 362(a)(3) prevents levy on post-petition claims and judgments "against the property of the estate." The language in the complaint is to the effect that King "had been warned" that the filing of the lis pendens would violate the stay but that King "willfully, and with complete disregard for ... the statutes and rules of this court" filed the

lis pendens "on properties of the estate of the Debtors".

In response to the complaint, this Court entered an order for hearing, raising the question of whether the Court had any jurisdiction to entertain the filing of the complaint. The Defendant also entered an appearance and filed a Motion to Dismiss and further sought attorney's fees for the filing of the complaint. A hearing was held at which time the Court determined that the complaint should be dismissed. That order was premised on the ruling that after a plan of reorganization is confirmed, the bankruptcy court is without jurisdiction to adjudicate controversies arising out of post confirmation contracts entered into by the Debtor. *In re Paradise Valley Country Club*, 31 B.R. 613 (Dist.Colo.1983). The Court also determined that good grounds existed to impose sanctions pursuant to Bankruptcy Rule 9011 and allowed the attorney for King to file a motion for attorney's fees. The motion seeking attorney's fees has been filed. The Debtors filed an objection to the fee request and a Motion to Reconsider this Court's order determining that a fee award would be appropriate in this case. The Debtors have not asked the Court to reconsider its order dismissing the complaint for lack of jurisdiction.

The Debtors' argument in support of the filing of the complaint is premised on the language of the Plans of Reorganization. The Plans each provided:

> Until the case is closed the court shall retain jurisdiction to insure that the purposes and intent of this plan are carried out, to hear and determine all claims against the Debtor and to enforce all causes of action which may exist on behalf of the Debtor.... the provisions of 11 U.S.C. § 362 shall remain in effect.

The Plans also provide that confirmation of the Plans "shall vest all of the property of the estate in the Debtor". The Debtors argue that since the Plans were premised on the orderly liquidation of the assets of Skies Unlimited, it was appropriate for the stay provided by section 362 of the Code to remain in effect pending liquidation to pro-

tect those assets against claims of creditors. Thus, the Plan provided that section 362 should remain in effect until the case is closed. Since those Plans were confirmed, Debtors' counsel argues that they were justified in relying on the orders of confirmation as establishing the continued viability of the 362 stay, thereby justifying the assertion that the filing by King of the lis pendens would be an act in contempt of an order of this Court.

In further support of their argument in opposition to the imposition of sanctions, Debtors' counsel argues the general rule that parties to litigation must pay their own attorney's fees. They argue that the Court can only award attorney's fees pursuant to a finding that the losing party's claims are "entirely without color and have been asserted entirely for purposes of harrassment or delay or other improper reason."

The authorities cited by Debtors' counsel are not applicable to the issue before the Court. What is involved is not an award of attorney's fees in favor of a winning party in a litigated matter. What is involved here is the question of whether the Court should impose sanctions for violations of Bankruptcy Rule 9011.

Bankruptcy Rule 9011 has been adopted in an effort to protect against the filing of unwarranted litigation. It specifically requires the attorney to sign the pleading and provides:

> The signature of an attorney or a party constitutes a certificate by him that he has read the documents; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may in-

clude an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011 is identical to the current provisions of F.R.Civ.P. 11. Federal Rule 11 was specifically amended in 1983 and the application of the new Rule 11 was considered by the Tenth Circuit Court of Appeals in the case of *Burkhart v. The Kinsley Bank*, 804 F.2d 588 (10th Cir. 1986). The court there was considering an order of the district court which had refused to impose sanctions pursuant to Rule 11 because the district court was unable to conclude that the plaintiffs had acted in bad faith. On appeal, the Tenth Circuit recognized that Rule 11 had been amended to delete the requirement of a finding of subjective bad faith before sanctions could be imposed. The Court quotes the Notes of Advisory Committee on Rules concerning the amended Rule 11 to the following effect:

> The new language stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. This standard is more stringent than the original good faith formula and thus it is expected that a greater range of circumstances will trigger its violation. (citations omitted).

The arguments of Debtors' counsel concerning the applicability of section 362 are totally unfounded and without merit. In the first place, as the *Paradise Valley Country Club* case, *supra*, so aptly holds, once a chapter 11 plan is confirmed, this Court ceases to be a harbor from which the debtor can continue to fend off the claims of post-confirmation creditors. Even more basic is the fact that by its express terms, 11 U.S.C. § 362(a)(3) applies only as to "any act to obtain possession of property of the *estate* or property from the *estate* or to exercise control over property of the *estate*." By both the express terms of 11 U.S.C. § 1141(d) and the language of the Plan, the order confirming the Plan had the

effect of vesting all of the property of the "estate" in the Debtor. The "estate" no longer existed, and the allegation of the complaint to the effect that King filed a lis pendens against "property of the estate" is a non sequitur.

■ There is no question that these Debtors, through their attorneys, were seeking to browbeat the Defendant with threats of potential contempt orders and thereby dissuade him from pursuing his claims in the state court. The Motion for an Order to Show Cause, and the Affidavit in Support Thereof, are full of repeated allegations to the effect that Debtors' counsel had advised the Defendant's attorney that the filing of the lis pendens would violate 362(a)(3), leaving the Defendant in contempt, and they "warned" King that the filing of the lis pendens would violate the stay. The complaint does not challenge the claim of King to a commission. The complaint instead seeks a declaratory judgment:

> that the lis pendens filed on property of the Estate by Philip L. King is in violation of the automatic stay provisions of 11 U.S.C. § 362(a)(3) and otherwise improper or invalid, and for this Court to order Respondent, Philip L. King, to remove and release his notice of lis pendens as presently recorded against the property of the estate of the above-named Debtors, and as well to order that Respondent, Philip L. King, is enjoined from causing to be reissued his lis pendens against the property of the estate of the above-named Debtors, and for attorney's fees, costs and expenses and other such relief as the Court may deem appropriate under the circumstances.

Counsel for the Debtors are experienced bankruptcy practitioners. They are, or should be, fully conversant with the provisions of the Code and its applicability. There is, in this Court's view, no basis upon which they can claim that the complaint filed herein is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; ..." Because the complaint is replete with claims that King violated the clearly inapplicable section 362, and the repeated assertions that King is therefore in contempt of the orders of this Court, it is equally clear to this Court that the complaint and the Order to Show Cause were filed for the purposes of placing unwarranted pressure on King and to harass him. Under these circumstances, it is not only appropriate, but is required by the provisions of the Rule, that the Court impose sanctions against counsel for the filing of the complaint.

Counsel for King has filed his Application for Fees and Costs. It is obvious from that Application that a portion of the time was spent representing Mr. King in the state court action against the Debtors. That time must be deleted. The Application therefore reflects that counsel expended an aggregate of 7.7 hours in opposing the complaint herein and in seeking an award of fees. Counsel's hourly rate is $130.00 per hour which is consistent with, if not on the low side, of fees charged by experienced bankruptcy counsel appearing before this Court. An award of fees in the amount of $1,000 is certainly reasonable. Accordingly, and pursuant to the findings and conclusions set forth herein, it is hereby

ORDERED that counsel for the Plaintiffs, the firm of Zimmerman & Schwartz, P.C., shall pay to Philip L. King, Respondent herein, the sum of $1,000.00 as sanctions imposed for violation of the provisions of Bankruptcy Rule 9011, and Judgment shall enter in favor of Philip L. King and against said attorneys in said amount.