**In re Donald R. McINTOSH and June V. McIntosh, Debtors.**

**Gary J. GOKEY and Deborah Gokey, Plaintiffs,**

**v.**

**Don McINTOSH, Sr., Defendant.**

**Civ. A. No. 88–B–1317.**

United States District Court, D. Colorado.

Dec. 29, 1988.

Bradley P. Pollock, Bell & Pollock, P.C., Littleton, Colo., for plaintiffs.

Leslie E. Nunn, Leslie E. Nunn, P.C., Burlington, Colo., for defendant.

## OPINION AND ORDER

BABCOCK, District Judge.

Bradley Pollock, attorney for plaintiffs in Adversary Proceeding No. 87–M–1047, Bankruptcy Case No. 86–B–10201–E, seeks review of the Bankruptcy Court's order that he pay to debtors $2,029.55 attorney's fees and costs as sanctions. *In re McIntosh*, 89 B.R. 144 (Bkrtcy.D.Colo.1988). On review, Pollock argues that: (1) the bankruptcy court lacked jurisdiction to enter its order and otherwise erred generally in assessing attorney's fees and costs against him; (2) the record does not support the Bankruptcy Court's award of attorney's fees and costs pursuant to Bankruptcy Rule 9011; (3) the Bankruptcy Court denied him an opportunity to conduct discovery on this issue; and (4) the Bankruptcy Court erred in denying his motion for recusal. The order is affirmed.

■ The Bankruptcy Court summarized its thorough and exhaustive findings of fact stating:

"Based on the record in this case, it is the unqualified opinion of this Court that each of the reasons for which attorney's fees are properly awarded stem from counsel's conduct, not that of the clients. The stategy employed in pressing the Plaintiffs' claims, the tactics used by counsel, the preparation and filing of 'inadvertent' pleadings, the series of procedural errors, the tardy filings and service of process, all are the products of counsel, not of the clients." *In re McIntosh, supra* at 149.

The detailed, separately stated findings in support of this factual conclusion are fully supported by the record and will not be set aside on review. *See* Bankruptcy Rule 8013.

The Bankruptcy Court exercised correctly its jurisdiction to award these fees and costs as sanctioned pursuant to 28 U.S.C. § 1927 concluding that Pollock's "demonstrated attorney incompetence, negligence, cavalier conduct, reckless indifference to the law or professional standards, are each ample reasons, standing alone, to assess attorney's fees or impose appropriate sanctions." *See Braley v. Campbell*, 832 F.2d 1504 (10th Cir.1987).

■ Further, in its application of Bankruptcy Rule 9011, the Bankruptcy Court applied correctly counsel's minimum obligation of responsible conduct under the standard of "reasonableness under the circumstances" in ruling that:

"This standard, when measured against the legal insufficiency and procedural deficiencies of the two adversary proceedings filed by Mr. Pollock, compels a finding that assessment of attorney's fees is here appropriate and necessary."

*Cf. Burkhart through Meeks v. Kingsley Bank*, 804 F.2d 588 (10th Cir.1986) (A showing of "subjective bad faith" is no longer required to trigger the sanctions permitted by Fed.R.Civ.P. 11; rather the standard is one of reasonableness under the circumstances.)

Accordingly, I hold that the Bankruptcy Court neither exceeded its jurisdiction nor erred in its award of attorney's fees and costs as sanctions against Pollock in favor of the debtors.

Pollock's contention that the Bankruptcy Court erred in denying him an opportunity to conduct discovery on this issue finds no support in the record.

Finally, Pollock failed to preserve his contention that the Bankruptcy Court erred in denying his request for recusal. *See* Bankruptcy Rule 8006. In any event, this contention finds no support in the record.

It appears from this court's file that the same deficient conduct that marked Mr. Pollock's performance in the proceeding below has continued on review. Mr. Pollock attempted to amend his statement of issues and designation of record without leave of court one month after the time expired in which the record and issues could be desig-

nated. His brief was filed late and only after the debtors filed their motion to dismiss the appeal. That brief does not clearly address the issues raised in Pollock's statement of issues and attempts to raise an issue not preserved for review. Moreover, Mr. Pollock has repeatedly designated incorrectly the case number in this action.

Debtors seek attorney's fees and costs incurred on review as sanctions. It appears that this appeal may be a sanctionable multiplication of these proceedings and that further award of attorney's fees and costs as sanctions may be appropriate under 28 U.S.C. § 1927 or Fed.R.Civ.P. 11, or both. *See Braley v. Campbell, supra.*

IT IS THEREFORE ORDERED that the Bankruptcy Court order be affirmed.

IT IS FURTHER ORDERED that counsel for debtors shall submit within 10 days from the date of this order his statement and affidavit regarding attorney's fees charged and costs expended in defense of this appeal. Within ten days of filing the debtor's statement of attorney's fees and costs Pollack shall show cause in writting, not to exceed 10 pages, why an additional award of attorney's fees and costs incurred in this review should not be imposed against him in favor of debtors.