**In re NUCOR, INC., Debtor.**

**NUCOR, INC., Appellant,**

**v.**

**DEUTSCHE CREDIT CORP., et al., Appellees.**

**Civ. A. Nos. 88–K–1407, 89–K–1105.**
**Bankruptcy No. 88 B 3957 A.**

United States District Court,
D. Colorado.

April 5, 1990.

---

Bradley P. Pollock, Bell & Pollock, Littleton, Colo., for Nucor Truck; Genuine Parts & Alpine.

Joseph G. Rosania, Denver, Colo., for Rosania.

Herbert A. Delap, Delap & Barry, Denver, Colo., for Deutsche; Intern.

L. Richard Freese, Jr., Davis, Graham & Stubbs, Denver, Colo., for Iveco Trucks.

ORDER ON MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR SANCTIONS, AND ORDER CONSOLIDATING ORAL ARGUMENT

KANE, Senior District Judge.

The Deutsche Credit Corporation, Intercontinental Truck Body of Montana, Inc., Genuine Parts Company, and Alpine Research, Inc. (collectively, the creditors) move to dismiss this appeal on the grounds that the debtor, Nucor, Inc., and its attorney, Bradley Pollock, have not complied with applicable bankruptcy rules in prosecuting this appeal. In the alternative, they request that Nucor's opening brief, which discusses issues beyond the scope of the notice of appeal, be stricken. Finally, the creditors argue that sanctions should be assessed against Mr. Pollock for failing to assemble an adequate record, filing an incomplete brief, filing documents out of time and without court consent, and failing to obtain bankruptcy court approval of his representation of the debtor. For the following reasons, I deny the motion to dismiss and grant the motions to strike and for sanctions.

The creditors argue that numerous procedural errors justify dismissal of this appeal and the award of sanctions against Mr. Pollock. In particular, they note that Mr. Pollock did not order a full transcript of the proceedings below. Therefore, the record on appeal is incomplete and the creditors cannot respond to alleged factual misstatements in Nucor's opening brief. They additionally note that certain exhibits introduced at the hearing were not properly designated, and that the designation was filed out of time and improperly amended and refiled. The creditors further point to deficiencies in the brief itself, such as the lack of statements on jurisdiction and the standard of review and argument relating to a separate order on attorney fees from which Nucor did not appeal. Finally, they argue that Mr. Pollock never obtained court approval of his representation of the debtor and that his participation in this appeal is potentially improper.

While failure to follow procedural requirements may result in the dismissal of an appeal, such a drastic measure is inappropriate when the problems result solely from the actions of counsel. Nucor should not be penalized for the carelessness or incompetence of its counsel, especially when sanctions and granting the motion to strike will adequately remedy the errors raised in the creditors' motion. Therefore, I deny the motion to dismiss.

I am convinced, however, that sanctions are appropriate in this case. A review of the record demonstrates that Mr. Pollock has been remiss in prosecuting this appeal nearly every step of the way. His consistency is as amazing as it is appalling. First, Nucor's opening brief was not filed until the creditors moved to dismiss this

**24**

appeal for lack of prosecution. When the brief was finally filed, it did not comply with the requirements of Bankr.R. 8010. It lacked statements as to appellate jurisdiction and the standard of review, and contained no appendix of relevant statutes or Code provisions. It included argument on issues not properly before the court, as further discussed below. In addition, Mr. Pollock did not file a designation of record within the requisite time period, and he unilaterally amended the untimely designation without court approval. Although he designated the entire record below on appeal, it is still incomplete because Mr. Pollock failed to order a complete transcript of the proceedings conducted on August 18, 1988. Mr. Pollock has failed to take steps to correct this problem since it has been brought to his attention, even though this appeal has been pending for well over a year.[1]

What is most troubling about this situation is that Mr. Pollock has not learned from experience. Certainly a few errors in complying with occasionally complex procedural requirements can be anticipated and excused. This, however, is not the first time that Mr. Pollock has been alerted that his performance has been deficient. *See Gokey v. McIntosh (In re McIntosh)*, 89 B.R. 144 (Bankr.D.Colo.1988) (awarding sanctions against Mr. Pollock for procedural missteps in bankruptcy court), *aff'd*, 94 B.R. 705 (D.Colo.1988) (affirming the award of sanctions and imposing additional sanctions for counsel's further deficient conduct on appeal).[2] I find it even more distressing that the type of problems encountered here are the same as those occurring in the *McIntosh* case, namely the late filing of an opening brief, improper

argument of issues not preserved for review, and the late filing and improper amendment of the statement of issues and designation of record on appeal.

Despite Mr. Pollock's attempts to blame his errors on accidental mistakes, computer malfunctions, advice from the bankruptcy court clerk, and opposing counsel's alleged harassment, his conduct to date has been objectively irresponsible. Indeed, it constitutes a serious threat to the system itself.

Because of the demands of federal practice, the volume of documents and case files confronting each judge and the vicissitudes and complexity of federal legislation, a high degree of trust and reliance must be reposed in the members of [the federal] bar. Other courts, of course, also rely heavily on the trustworthiness and honor of the bar. In this court, however, such reliance is indispensable to the very functioning of the court. Acts of counsel which indicate incompetence or insensitivity to ethical imperatives cannot be tolerated. Attorneys who practice as members of [the federal] bar must therefore perform according to the highest traditions of the profession under exceedingly exacting conditions. Such behavior, in a manner of speaking, must be second nature to them.

*In re Suspension of Mattox*, 567 F.Supp. 415, 417 (D.Colo.1983), *rev'd on other grounds*, 758 F.2d 1362 (10th Cir.1985). Mr. Pollock has not conducted himself in a manner consistent with this standard. Therefore, sanctions are appropriate under Bankr.R. 9011 and 28 U.S.C. § 1927. Counsel for the creditors shall submit within 10 days from the date of this order his statement and affidavit regarding attorney

---

1. With respect to the proceedings conducted on August 18, 1988, it appears that a transcript of only the court's findings of fact and conclusions of law was ordered. Mr. Pollock is instructed to make appropriate arrangements for the expedited preparation of a complete transcript of the proceedings on this date and any other exhibits which were improperly designated. Counsel is further directed to file a statement with the court indicating that this action has been taken and identifying when the record will be complete. In the event that the record cannot be completed on or before April 16, 1989, Nucor

shall be deemed to have waived any argument relating to facts not in the record.

2. The bankruptcy court further noted that the *McIntosh* case is not the only bankruptcy matter in which Mr. Pollock has faced the possibility of sanctions for his conduct, and his performance before the bankruptcy court in this case likewise appears to have been deficient. *See id.*, 89 B.R. at 147 n. 4 (citing other matters in which the court has chastised counsel).

fees charged and costs expended in bringing this motion. Mr. Pollock shall have five days thereafter within which to file objections accompanied by counter affidavits. If filed the matter will be set for hearing to determine the amount of attorney fees and costs to be imposed against Mr. Pollock, personally.

The creditors have also moved to strike Nucor's opening brief, or at a minimum, certain portions of the brief not relevant to the issues on appeal. Specifically, they request that argument relating to the bankruptcy court's award of attorney's fees in its September 23, 1988 written order (entered nunc pro tunc September 19, 1988) be stricken because Nucor has never filed a notice of appeal as to this order. Nucor's notice of appeal in this case was filed on August 29, 1988, and it addresses the bankruptcy court's ruling on August 18, 1988 only. Since a timely notice of appeal is mandatory and jurisdictional, *National City Bank v. 6 & 40 Inv. Group, Inc. (In re 6 & 40 Inv. Group, Inc.)*, 752 F.2d 515, 515 (10th Cir.1985), Nucor is precluded from arguing the merits of the attorney fee award. Given this and the other deficiencies in the brief as described above, the creditors' motion to strike the brief in its entirety is granted.[3] Mr. Pollock is directed to file a new brief on or before April 16, 1990 that complies with Bankr.R. 8010 and that contains argument solely on issues preserved for appeal. The creditors shall file their response brief on or before April 30, 1990. Nucor's reply brief may then be filed on or before May 10, 1990.

Finally, in a related appeal, No. 89–K–1105, the Deutsche Credit Corporation has challenged the bankruptcy court's ruling approving Bell & Pollock's appointment as special counsel under § 327(e) of the Code.

Oral argument in No. 89–K–1105 is set for 9:30 a.m., May 25, 1990 in Courtroom C–504. Since this appeal and No. 89–K–1105 concern the same parties and similar issues, the court will hear oral argument in No. 88–K–1407 at that time.

---

**3.** In addition, the creditors suggest that, because Mr. Pollock's representation of Nucor was never court-approved, this appeal should be held in abeyance until the propriety of Mr. Pollock's representation of Nucor is resolved. This is unnecessary. Although § 327(a) of the Bankruptcy Code requires the trustee or a debtor-in-possession to obtain court approval for the employment of professionals, including attorneys, this section does not apply to Chapter 7 liquidation cases or reorganization cases in which the debtor is out of possession. *See 2 Collier on*

*Bankruptcy* ¶ 327.70 (L. King 15th ed. 1990). Even assuming that court approval is required now that the case has been converted to a Chapter 11 bankruptcy, Mr. Pollock would not be precluded from representing Nucor. By acting without court approval, Mr. Pollock is simply a volunteer who appears at his peril, and nunc pro tunc approval of the payment of his fees is not guaranteed. *See In re Yeisley,* 64 B.R. 360, 361 (Bankr.S.D.Tex.1986). In any event, this issue must be resolved in the bankruptcy court, not here.