**In re Donald R. and June V. McINTOSH, Debtors.**

**Gary G. and Deborah GOKEY, Plaintiffs–Appellants,**

**v.**

**Donald McINTOSH, Sr., Defendant–Appellee.**

**Civ. A. No. 90–B–1159.**

United States District Court, D. Colorado.

Feb. 25, 1992.

Bradley Pollock, Littleton, Colo., for plaintiffs/appellants.

Leslie E. Nunn, Burlington, Colo., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Appellants bring this appeal under 28 U.S.C. § 158(a) challenging the order of the bankruptcy court awarding sanctions to appellee. The issues are adequately briefed and oral argument will not materially aid their resolution. Because the bankruptcy court did not abuse its discretion and its findings are not clearly erroneous, the order of June 18, 1990 is affirmed.

## I.

In reviewing a bankruptcy court's decision, the district court functions as an ap-

pellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Bankruptcy Rule 8013. District courts review factual findings under the clearly erroneous standard while conclusions of law are reviewed de novo. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988). A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

After reviewing the record, I hold that the bankruptcy court's June 18, 1990 findings of fact are not clearly erroneous.

This appeal is yet another installment in the bitter and protracted litigation between these parties spawned by the contentiousness of appellants' counsel, Bradley Pollock. The bankruptcy court originally sanctioned Pollock for his conduct in this adversary proceeding on August 5, 1988. *In Re McIntosh*, 89 B.R. 144 (Bkrtcy. D.Colo.1988). Pollock appealed this sanction of $2,029.55 to the district court, where it was affirmed and increased for his vexatious conduct in prosecuting the appeal. *In Re McIntosh*, 94 B.R. 705 (D.Colo.1988). Pollock then appealed to the Tenth Circuit, which affirmed both sanctions and remanded to the bankruptcy court.

On December 1, 1989, the bankruptcy court ordered Pollock to pay the $2,029.55 sanction to appellee's counsel, Leslie Nunn, within ten days. By January 2, 1990, Pollock still had not paid the sanction, and Nunn filed a motion for additional sanctions. Pollock appeared before the bankruptcy court on January 22 and advised the court that he had recently paid Nunn. However, on February 5, 1990, Nunn filed a status report with the court advising that he still had not received the money from Pollock.

On February 14, 1990, the bankruptcy court set a hearing for March 15, 1990 to determine whether Pollock should be held in contempt of court or subject to further sanctions for his continued failure to comply with the court's order. Pollock paid the sanction the next day. On March 9, 1990,

Pollock filed with the bankruptcy court a pleading entitled "Objection to Notice and Order of Hearing and Motion to Strike Hearing and Motion to Continue Hearing." That motion also contained Pollock's request that the bankruptcy judge recuse himself. However, his motion was not filed in a timely fashion designed to reach the court before the March 15 hearing, and Pollock filed it with an incorrect caption and case number, further delaying the processing time.

The hearing was held on March 15, but Pollock did not appear. Nunn brought Pollock's objections to the court's attention at the hearing. The bankruptcy court awarded Nunn sanctions under 28 U.S.C. § 1927 and determined that an appropriate sanction would be the reasonable fees and costs Nunn incurred in attempting to collect the first sanction after it was affirmed by the Tenth Circuit. The bankruptcy court directed Nunn to prepare a proposed order and submit an affidavit of fees and costs. Thereafter, Nunn filed his proposed order and affidavit and Pollock filed detailed objections to the proposed order and affidavit. However, Pollock never requested an evidentiary hearing on the amount of the sanction. On June 18, 1990, the bankruptcy court entered its Findings of Fact, Conclusions of Law, and Judgment, sanctioning Pollock in the amount of $2,410.11.

In that order, the bankruptcy judge specifically found that "Pollock's conduct [was] so obstreperous, so obstinate, so laced with gamesmanship rather than responsible and professional conduct that this court is astonished." The bankruptcy judge characterized Pollock's conduct as "most egregious." Further, he found that Pollock's conduct created "the most tortured, obstacle-strewn path this Court has been through in order to get a rather modest and measured sanction taken care of by an officer of the Court, in this case Pollock."

Pollock now appeals that order on three grounds. First, he asserts that the bankruptcy judge erred in denying the motion to recuse. Second, he argues that he was denied due process when the bankruptcy

court did not set a hearing on the amount of Nunn's attorney fees and costs. And, third, he asserts that the award was excessive. None of these grounds have merit.

## II.

In his motion to recuse, Pollock argued that the bankruptcy judge was prejudiced against him as shown by the judge's consistent adverse rulings against him and attempts to enforce his original sanction order. Pollock also alleged that the court's hostile attitude was apparent to persons in the courtroom, although he did not name these persons or attach an affidavit from them. Finally, Pollock alleged that the bankruptcy judge had prejudged the question of additional sanctions. In his motion, Pollock did not cite a single statute or case, but it is apparent on appeal that he was relying on 28 U.S.C. § 455(a).

■ Denial of a motion to recuse is reviewed for abuse of discretion. *Willner v. University of Kansas*, 848 F.2d 1023, 1026 (10th Cir.1988), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). Section 455(a) provides:

Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). In deciding whether to recuse, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id.*

■ As a general rule, recusal under § 455(a) must be predicated on extra-judicial conduct. *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir.), *cert. denied*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987). Consistent adverse rulings, without more, is not a reason for recusal, even if the court made legal errors. *U.S. v. Mobile Materials, Inc.*, 881 F.2d 866, 877 (10th Cir.1989), *cert. denied*, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 833 (1990); *Willner*, 848 F.2d at 1028. Likewise, friction be-

tween the court and counsel or antipathy to an attorney are also insufficient grounds for recusal. *Panzardi–Alvarez v. U.S.*, 879 F.2d 975, 984 (1st Cir.1989), *cert. denied*, 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990); *F.T.C. v. Amy Travel Service, Inc.*, 875 F.2d 564, 576 (7th Cir. 1989), *cert. denied*, 493 U.S. 954, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989); *Moore v. McGraw Edison Co.*, 804 F.2d 1026, 1032 (8th Cir.1986). However, there is an exception to the requirement of extra-judicial bias when "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Page*, 828 F.2d at 1481.

■ Here, the bankruptcy judge ruled: The Court has been even-handed in its dealings with Pollock and has always attempted to give Pollock the benefit of the doubt. The Court concludes that it is not necessary or appropriate, nor justified under applicable law, for the Court to recuse itself as requested by Pollock. After reviewing the record, I hold that the bankruptcy judge did not abuse his discretion in denying Pollock's motion. First, Pollock's allegations of prejudice do not concern extra-judicial conduct. Rather, they relate solely to the judge's conduct in the case at hand and, therefore, do not form a basis for recusal. Moreover, the judge's conduct in this action did not demonstrate the kind of "pervasive bias" that would lead a reasonable person to doubt his impartiality. Therefore, the denial of Pollock's motion to recuse is affirmed.

## III.

■ Pollock next contends that the bankruptcy court denied him due process when it failed to set a hearing on the amount of the sanction. Pollock does not challenge the underlying decision that his conduct was sanctionable under 28 U.S.C. § 1927.

In *White v. General Motors Corp. Inc.*, 908 F.2d 675, 686 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991), the court held that a target of a sanctions request has a due process right to notice that sanctions are being considered by the court and a subsequent opportunity to be heard before final

judgment. *See also, Braley v. Campbell,* 832 F.2d 1504, 1514 (10th Cir.1987). "However, ... an opportunity to be heard does not require an oral or evidentiary hearing on the issue. The opportunity to fully brief the issue is sufficient to satisfy due process requirements." *White,* 908 F.2d at 686.

Here, Pollock had notice and an opportunity to respond. Indeed, the very fact that Pollock submitted a detailed brief contesting the amount of Nunn's claimed fees and costs shows that he had both notice and an opportunity to brief the issue. Moreover, Pollock never requested an evidentiary hearing. Therefore, the bankruptcy court did not deny Pollock his due process rights.

### IV.

Pollock also contends that the amount of sanctions set by the bankruptcy court was excessive. He essentially argues that Nunn's affidavit of fees and costs was improperly inflated.

■ The determination of the legal standards applicable to the amount of the sanctions is a question of law that is reviewed de novo. However, if the bankruptcy court uses the correct legal principles and standards, the computation of the amount of sanctions will be reversed or modified only if the bankruptcy court abused its discretion. *White,* 908 F.2d at 678; *In Re Hunt,* 754 F.2d 1290, 1294 (5th Cir.1985). Moreover, the reasonableness of requested fees and costs and whether those fees and costs were incurred because of sanctionable conduct are both questions of fact. *Cf., In Re Matter of Lee,* 884 F.2d 897, 899 (5th Cir.1989).

Sanctions under § 1927 are tied to the "excess costs, expenses, and attorneys' fees reasonably incurred" because of the unreasonable and vexatious conduct of the opposing party or counsel. In determining the reasonableness of Nunn's requested fees and costs, the bankruptcy court referred to the analysis in *Colorado Chiropractic Council v. Porter Memorial Hospital,* 650 F.Supp. 231 (D.Colo.1986). That case set out numerous factors for a district court to consider in setting the amount of a sanction, including the lodestar calculation, the deterrent effect of the sanction, the severity of the misconduct, the experience of the sanctioned attorney, and the ability of the sanctioned attorney to pay. Having cited that decision, I infer that the bankruptcy judge took those factors into account in assessing Nunn's affidavit. The Tenth Circuit adopted a similar list of factors to consider one month after the bankruptcy judge's decision in this action. *White,* 908 F.2d at 684–85.

■ Here, the bankruptcy judge found that "the fees requested [by Nunn] and services expended appear reasonable, necessary and actual, and fulfill the criteria necessary for an award of fees as a sanction." This finding is fully supported by the record and is, therefore, not clearly erroneous. Likewise, the bankruptcy judge did not abuse his discretion in determining that Nunn's requested fees and costs were reasonable, necessary and actual. Implicit in the bankruptcy court's ruling was a lodestar calculation based on Nunn's detailed affidavit and an assessment of the factors set out in *White* and *Colorado Chiropractic Council.* Therefore, the amount of Pollock's sanction is affirmed.

Accordingly, IT IS ORDERED THAT:

(1) The June 18, 1990 order of the bankruptcy court is AFFIRMED on the grounds challenged in this appeal.