**In re NUCOR, INC., Debtor.**

**NUCOR, INC., Appellant,**

v.

**DEUTSCHE CREDIT CORPORATION, Intercontinental Truck Body Montana, Inc., Genuine Parts Company, and Alpine Research, Inc., Appellees.**

**Civ. A. No. 88–K–1407.**
**Bankruptcy No. 88–B–3957–A.**

United States District Court,
D. Colorado.

Aug. 23, 1990.

Herbert A. Delap, Jeremiah Barry, Delap & Barry, Denver, Colo., for Deutsche, Intercontinental Truck, Genuine Parts & Alpine.

Joseph Rosania, Denver, Colo., trustee for Nucor.

Bradley P. Pollock, Bell & Pollock, Littleton, Colo., for Nucor.

James C. and Diane Pearson, Englewood, Colo., pro se.

## ORDER ON PENDING MOTIONS

KANE, Senior District Judge.

This order addresses four outstanding motions in this bankruptcy appeal. The motions are: (1) Motion to Dismiss, filed by the debtor, Nucor, Inc. and its attorney, Bell & Pollock, P.C. on April 16, 1990, (2) Motion to Withdraw, filed by Bell & Pollock on April 25, 1990, (3) Motion for Clarification Re: Order of April 5, 1990, and (4) Response in Opposition to Affidavit of Jeremiah B. Barry to Attorney's [sic] Fees and Costs, filed by Nucor, Inc. and Bell & Pollock. Oral argument on these motions and other related matters was held on June 27, 1990.

### I. *Chronology of Events.*

A brief chronology of events leading to the above motions is necessary to put them in perspective. On September 1, 1988, Nucor, Inc., through its attorneys Bell & Pollock, P.C., filed its notice of appeal of a bankruptcy court order granting several creditors' petition for involuntary bankruptcy against Nucor. Nucor filed its designation of record and statement of issues on September 21, 1988 and then amended it on September 29, 1988. On November 17, 1988, counsel for the appellee creditors filed a motion to dismiss this appeal for lack of prosecution, since Nucor had failed to file an opening brief.

The motion to dismiss was denied, based on Bell & Pollock's representation that it had not received notice that the appeal had been docketed (despite the fact that the certificate of mailing indicated that notice was sent). Nucor then filed its opening brief on January 3, 1989. In its opening brief, Nucor stated that it was prejudiced in its argument that it had not received a fair trial by the fact that a complete transcript of the lower court proceedings had not been prepared. In addition to arguing other issues relevant to the granting of the petition for involuntary bankruptcy, Nucor argued that sanctions were improperly imposed against counsel relating to a motion for a protective order.

On January 9, 1989, the creditors moved to dismiss the appeal, or in the alternative to strike Nucor's opening brief and for the imposition of sanctions against Bell & Pollock. The creditors argued that Bell & Pollock had been dilatory in prosecuting this appeal, that the transcript was unavailable because Bell & Pollock had not ordered it, that other procedural rules were not followed, that the brief did not comply with the Bankruptcy Rules and that argument regarding the award of attorney fees was beyond the scope of the notice of appeal. In my order of April 5, 1990, I denied the motion to dismiss, but granted the motion to strike and for sanctions. *See Nucor, Inc. v. Deutsche Credit Corp. (In re Nucor, Inc.)*, 113 B.R. 22 (D.Colo.1990).

Bell & Pollock moved for reconsideration of this order on April 10, 1990. It made the new argument that it was no longer representing Nucor, Inc., it thought the appeal was the responsibility of another firm and it believed the appeal had been dismissed. I denied the motion for reconsideration on April 13, 1990 and noted that Bell & Pollock had not effectively withdrawn as counsel in this matter. On April 16, 1990, the law firm of Delap & Barry, P.C. (counsel to the creditors) filed an affidavit as to costs and attorney fees incurred in prosecuting the motion to dismiss in accordance with the April 5 order.

On April 16, 1990, Nucor, Inc. and Bell & Pollock filed a motion to dismiss this appeal. In the motion, counsel informed the court that the trustee for Nucor, Inc., Joseph Rosania, had requested counsel to dismiss the appeal. Counsel to the creditors filed a response to the motion to dismiss, questioning whether the trustee was the proper party to request dismissal of the appeal. Nucor, Inc. and Bell & Pollock filed their response to the Delap & Barry affidavit of costs and attorney fees, objecting to many of the items contained in the affidavit. On April 25, 1990, Bell & Pollock filed its motion to withdraw as counsel for Nucor, Inc. Finally, on May 18, 1990, Nucor, Inc. & Bell & Pollock moved for clarification of my April 5 order, requesting that I explain my statement in footnote 3 concerning the firm's representation of the debtor.

## II. *Pending Motions.*

### A. *Motion to Dismiss.*

Of the four matters pending before me, this is the most troubling. Bell & Pollock, on behalf of Nucor, Inc. has filed a motion to dismiss this appeal. The motion recites that Mr. Pollock spoke with the trustee for the bankruptcy estate of Nucor, Inc. on April 16, 1990, and that the trustee "indicated that it was his understanding that the appeal had been dismissed and requested that Bradley P. Pollock and the law firm of Bell & Pollock, P.C. file a motion to dismiss" this appeal. Motion to Dismiss at 1.

In their response to the motion to dismiss, the creditors obviously do not object to the dismissal of this appeal. They point out a fundamental problem with the motion, however. The motion to dismiss appears to be based on the trustee's direction to dismiss this appeal. As the creditors correctly point out, and as Mr. Rosania has confirmed during the hearing on these motions, the trustee has no involvement with this appeal. This is an appeal by Nucor, Inc. of the order which originally put the company into bankruptcy. Nucor, Inc. is the appellant and the real party in interest. It is not an appeal by the subsequently-created bankruptcy estate, which is administered by the trustee. Consequently, the

party with authority to dismiss the appeal is Nucor, Inc., not the trustee.

There is little indication that Bell & Pollock, P.C. has made any effort to determine whether Nucor, Inc. desires that this appeal be dismissed. In fact, at the hearing, Mr. Pollock stated, "I filed the motion to dismiss, disseminated copies to Mr. Rosania, Mr. and Mrs. Pearson. As directors of Nucor, Inc. became aware of it, they object to the motion to dismiss now. I haven't gotten into that. I really haven't gotten into that." The above problems again bring to light Mr. Pollock's confused handling of this action. It is clear that he has little understanding of the difference between his role as counsel to Nucor, Inc. in this appeal and special counsel to the estate in the two adversary actions for which he was specially appointed under 11 U.S.C. § 327(e).

Given this state of affairs, and as further explained below, I deny the motion to dismiss this appeal until it can be determined whether the appellant in this case truly desires this result.

B. *Motion to Withdraw.*

▪ Bell & Pollock's motion to withdraw is troublesome for similar reasons. In it, Mr. Pollock recites that the trustee for the estate was appointed on December 7, 1988 and the law firm of Burns, Wall, Smith & Mueller was appointed as counsel for the trustee. The motion further states, "[a]t the time of appointing of the Trustee, it was indicated that in light of the Trustee's decision to pursue the adversary litigation, Nucor, Inc. would no longer contest the bankruptcy decision (which is the subject matter of appeal no. 88–K–1407)." Motion to Withdraw at 2. Mr. Pollock further indicates that after he was appointed as special counsel in two adversary actions, "it was understood and agreed that [he] would not represent the Nucor, Inc. Estate or the Pearsons [principals of the debtor] *in any other matters* and, therefore, ... [Pollock] has taken no further actions with respect to representation of the Nucor, Inc. Estate or the Pearsons in any other matters." *Id.* In paragraph 14 of the motion, he then adds that he expects that, upon his

withdrawal as Nucor, Inc.'s counsel, "the Trustee and counsel for the general matters of Nucor, Inc. Estate will enter its appearance." *Id.* at 3.

Mr. Pollock again misunderstands the situation. At the instant that the Trustee agreed to pursue the adversary actions and Nucor, Inc. allegedly agreed that it would no longer contest the bankruptcy court's granting the involuntary petition, Mr. Pollock should have dismissed this appeal. This should have occurred on or about January 25, 1989. None of the successive motions which have been filed in this case would have been necessary. Mr. Pollock cannot rest on the assumption that counsel for the trustee will replace him in this appeal. Again, he fails to recognize that he represents Nucor, Inc., not the estate, in this appeal. If he is permitted to withdraw, Nucor, Inc. would be left without representation, and a corporation may not appear *pro se. See DeVilliers v. Atlas Corp.,* 360 F.2d 292, 293 (10th Cir.1966).

Thus, I deny the motion to withdraw without prejudice to Bell & Pollock to file a motion for substitution of counsel to permit Nucor, Inc. to retain new counsel. At that time, I will also entertain a motion to dismiss this appeal if it is clear that, on the advice of new counsel, Nucor, Inc. desires the dismissal of the appeal. Any such motions shall be filed within thirty days of the date hereof. If no motion for substitution or to dismiss is filed, appellant's opening brief shall be filed no later than October 8, 1990.

C. *Motion for Clarification.*

▪ Mr. Pollock has moved for clarification of certain language in the April 5 order which addressed the creditor's argument as to the propriety of Mr. Pollock's representation of Nucor, Inc. in this appeal. Footnote 3 of the order states:

In addition, the creditors suggest that, because Mr. Pollock's representation of Nucor was never court-approved, this appeal should be held in abeyance until the propriety of Mr. Pollock's representation of Nucor is resolved. This is unnecessary. Although § 327(a) of the Bankruptcy Code requires the trustee or a debtor-in-possession to obtain court ap-

proval for the employment of professionals, including attorneys, this section does not apply to Chapter 7 liquidation cases or reorganization cases in which the debtor is out of possession. *See* 2 *Collier on Bankruptcy* ¶ 327.70 (L.King 15th ed. 1990). Even assuming that court approval is required now that the case has been converted to a Chapter 11 bankruptcy, Mr. Pollock would not be precluded from representing Nucor. By acting without court approval, Mr. Pollock is simply a volunteer who appears at his peril, and nunc pro tunc approval of the payment of his fees is not guaranteed. *See In re Yeisley*, 64 Bankr. 360, 361 (Bankr.S.D.Tex.1986). In any event, this issue must be resolved in the bankruptcy court, not here.

Order at 6 n. 3.

The merits of this motion for clarification are like snakes in Ireland: there aren't any. Mr. Pollock requests clarification of the above language because

> Judge Brooks has, during a recent hearing held on May 15, 1990, at 7:30 a.m., interpreted [the relevant portion of] this Court's Order of April 5, 1990 … as ruling that in the event it is determined in the appeal (appeal no. 89–K–1105) that Bell & Pollock, P.C. could not have represented the Nucor, Inc. Estate, and that Judge Brooks's order appointing Bell & Pollock, P.C. as attorneys for Nucor, Inc. in the adversary proceedings, is overruled, then Bell & Pollock, P.C. would be acting as a volunteer.

Motion for Clarification at 2. Essentially, Mr. Pollock wants further explanation of this passage not because it is unclear how it affects this action, but because he is unclear on its effect on his petition for fees in the adversary action (the subject of Appeal No. 89–K–1105). He does not include a copy of relevant portions of the transcript of the hearing before Judge Brooks.

Footnote 3 of the order was dicta intended to diffuse the creditor's argument that bankruptcy court approval of Mr. Pollock's representation of Nucor in this appeal was required. (The creditors alleged that Mr. Pollock's filing of the opening brief was improper for this reason.) As the footnote states, court approval is not required in a

Chapter 7 case when, as here, the debtor is out-of-possession. The statement that an unapproved attorney "acts as a volunteer" is a correct statement of the law, but is immaterial because court approval was not necessary. It simply indicates that actions by unauthorized counsel are not necessarily improper, but they may or may not be compensated.

Further clarification of the order is not necessary to any material issue in this appeal. Therefore, the motion for clarification is denied.

D. *Attorney Fees of Delap & Barry, P.C.*

Finally, on April 16, 1990, Jeremiah B. Barry, on behalf of Delap & Barry, P.C. filed his affidavit as to attorney fees and costs relating to the court's award of sanctions in its April 5, 1990 order. On April 23, 1990, Mr. Pollock filed an affidavit and response in opposition to Barry's affidavit. In accordance with my earlier rulings in the April 5 order and in the hearing on these motions, this matter is set for hearing at 9:30 a.m. on September 25, 1990 in Courtroom C–504.

Accordingly, the motion to dismiss, the motion to withdraw, and the motion for clarification are DENIED.